UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF PHILLIP SERRANO, *et al.,* | Case No. 3:20-cv-0536-RCJ-WGC |
| Plaintiffs, | **ORDER** |
| v. | |
| CITY OF RENO, *et al.,* | |
| Defendants. | |

This matter was brought by Plaintiffs Desiree Serrano and the Estate of Phillip Serrano.

The City of Reno (City) and the Reno Police Department (Department) move to dismiss the complaint. (ECF No. 5.) Plaintiffs oppose the motion. (ECF No. 7.) Having considered the complaint and the briefs filed by the parties, the Court will grant the motion and dismiss the City without prejudice with leave to amend and will dismiss the Department with prejudice.

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at

555, *Landers*, 771 F.3d at 642. In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 641. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id.* at 567.

The City argues that it must be dismissed because the Complaint lacks any allegation directed at it. Plaintiffs respond that the City is named in the caption of the complaint. Plaintiffs, however, have the obligation not merely to name defendants in the caption but to allege facts in the body of their complaint that states a claim against each defendant against whom they have brought a lawsuit. The identification of a defendant in the caption of the complaint is neither an allegation of fact nor a short and plain statement of the claim brought against the defendant that complies with Rule 8.

     Plaintiffs argue that, because they identify the Reno Police Department as an agency of the City (also asserted only in the caption of the complaint), the factual allegations of the complaint against the Reno Police Department and individual Doe Officers places the City of notice of the claim brought against the City.  It does not.  Again, Plaintiffs have the obligation to allege facts in their complaint that states a claim against the City.  The assertion, in the caption, that the Department is an agency of the City is not an allegation of fact.  Neither does this singular assertion suffice to state a claim against the City, even if it had been made within the body of the complaint.

     Plaintiffs nevertheless also argue that they have alleged sufficient facts to state a plausible claim for relief.  Plaintiffs, however, do not direct the Court's attention to any allegation of fact within the complaint against the City, much less sufficient allegations to state a claim for relief.  Rather, Plaintiffs' allegations are directed solely against Doe Officers and the Department.  The Court will dismiss the City as a defendant.

     The City argues that Plaintiffs' complaint must be dismissed without leave to amend.  It asserts that Plaintiffs cannot allege additional facts that are consistent with the complaint that would cure the defect of the complaint.  The Court disagrees. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986)).  Plaintiffs can, consistent with their original complaint, allege facts curing the deficiency that the complaint does not allege any facts stating a claim against the City.

     The City argues that the Department must be dismissed because it is a department of the City, and as a department it cannot be sued.  *See Wayment v. Holmes*, 112 Nev. 232, 237-238 (1996).

Plaintiffs have not offered any argument suggesting that it can sue the Department. The Court will dismiss the Department with prejudice.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that Defendant City of Reno is DISMISSED as Plaintiffs have failed to state a claim against this Defendant. This dismissal is without prejudice with leave to amend not later than 30 days from the entry of this Order.

IT IS FURTHER ORDERED that Defendant Reno Police Department is DISMISSED with prejudice.

IT IS FURTHER ORDERED that if Plaintiffs fail to timely amend their complaint, the Court may dismiss this matter with prejudice for failure to prosecute and will close this matter.

DATED THIS 9th day of September 2021.

_____
Robert C. Jones
United States District Judge