UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ESTATE OF PHILLIP SERRANO, by and through Co-Special Administrators, Desiree Serrano and Margaret Callister; DESIREE SERRANO, individually and as successor-in-interest,<br><br>Plaintiffs<br><br>v.<br><br>CITY OF RENO, et al.,<br><br>Defendants | Case No.: 3:20-cv-00536-RCJ-CSD<br><br>**Report & Recommendation of United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to prosecute.

**I. BACKGROUND**

Plaintiffs, represented by counsel, Mitchell S. Bisson, Esq., filed an amended complaint against the City of Reno and Reno Police Department Officers Shawn Manning, Brandon Neagle, Vincent Robles, Joshua Sanford, Sean Schwartz, Stephen Smith alleging excessive force, wrongful death and battery to decedent Phillip Serrano. The claims arise from an incident where the defendant officers responded to Phillip Serrano's residence on September 23, 2018, and discharged their firearms into a vehicle driven by Phillip Serrano causing his death. (ECF No. 11.) Plaintiffs are the Estate of Phillip Serrano by and through its co-special administrators Desiree Serrano (Phillip Serrano's daughter) and Margaret Callister. District Judge Jones

subsequently granted a motion to dismiss filed by Officers Manning, Robles, Sanford, and Schwartz, and they were dismissed from the action. (ECF No. 31.) Officers Neagle and Smith were dismissed without prejudice for failure to timely serve them. (ECF No. 32.) Therefore, the City of Reno is the only remaining defendant at this time.

The City of Reno filed its answer on August 26, 2022. (ECF No. 35.) A joint proposed discovery plan and scheduling order was filed on August 31, 2022. (ECF No. 36.) The court held a status conference on September 8, 2022., and Plaintiffs' counsel Mitchell Bisson appeared. The court expressed concern that no discovery had been conducted since the inception of the case, and Mr. Bisson advised that he planned to file a motion to withdraw as counsel. At that time, counsel for the City of Reno argued that the case should move forward with dispositive motions or be dismissed for lack of prosecution. The court ordered Mr. Bisson to file his motion to withdraw and serve a copy on his clients. (ECF No. 38.)

Mr. Bisson filed his motion to withdraw on September 15, 2022. (ECF No. 39.) The City of Reno filed a response. (ECF No. 40.) The certificate of service indicated that Mr. Bisson served his clients with the motion. On September 30, 2022, the court issued an order, which was sent to each of the Plaintiffs, giving them until October 21, 2022, to file a response to the motion to withdraw. (ECF No. 41.)

Nothing was filed by Plaintiffs. The court granted Mr. Bisson's motion to withdraw on February 23, 2023, and gave Plaintiffs until March 24, 2023, to file a notice of intent to prosecute this action and to obtain new counsel for the estate. Plaintiffs were cautioned that a failure to comply with the order may result in the action being dismissed. (ECF No. 43.)

1  To date, nothing has been filed by Plaintiffs. It appears the court's order to Ms. Callister
2 was returned as undeliverable, and she has not filed a notice of change of contact information as
3 she is required to do under Local Rule IA 3-1.

## II. DISCUSSION

5  Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to
6 prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

7  Plaintiffs did not file a response to Mr. Bisson's motion to withdraw. Nor have they filed
8 a notice indicating an intent to prosecute this action in response to the court's February 23, 2023
9 order.

10  In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court
11 considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
12 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
13 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v.*
14 *King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

15  First, the public has an interest in expeditious resolution of litigation. Plaintiffs' failure to
16 further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of
17 dismissal.

18  Second, the court's need to manage its docket is thwarted by Plaintiffs failure to prosecute
19 their own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent
20 upon the Court to manage its docket without being subject to routine noncompliance of litigants.").
21 As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiffs, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiffs. As a result, no sanction short of dismissal is feasible. Given Plaintiffs failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiffs have apparently abandoned their case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b). Since it is not entirely clear whether Plaintiffs in fact received the motion to withdraw or the court's order to file a notice of intent to prosecute, the court recommends that the dismissal be without prejudice, and that this action be administratively closed.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE** and that this action be administratively closed.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 28, 2023

_____
Craig S. Denney
United States Magistrate Judge